**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

NOVARTIS CORPORATION :

v. : Civil No. CCB-11-3620

WEBVENTION HOLDINGS LLC & WEBVENTION LLC :

**MEMORANDUM**

Webvention Holdings LLC and Webvention LLC (collectively, "Webvention") filed separate lawsuits against several hundred defendants alleging infringement of its U.S. Patent No. 5,251,294 ("'294 patent").[1] Before Webvention could bring a similar lawsuit against it—but after Webvention had sent it a demand letter—Novartis Corporation filed a declaratory judgment action against Webvention asking the court to declare that Novartis did not infringe the '294 patent and that the patent was invalid in the first instance. The United States Patent and Trademark Office ("PTO") recently reexamined the '294 patent for a third time and rejected the patent claims asserted against Novartis. That rejection became final on September 24, 2014. In light of that development, Novartis moved, on February 6, 2015, for judgment on the pleadings and for a finding that this case was "exceptional" under 35 U.S.C. § 285.[2] Before the court decided Novartis's motion, Webvention filed, on February 20, 2015, a covenant not to sue Novartis for infringement of the '294 patent. (Statement of Non-Liability Regarding U.S. Patent No. 5,251,294 ("Covenant"), ECF No. 75.) That same day, Webvention moved to dismiss for lack of subject matter jurisdiction on the ground that its covenant mooted any actual controversy in this case and that, accordingly, the court no longer had jurisdiction. Novartis argued the

[1] A partial history of this case is outlined in the court's June 15, 2012 memorandum. (*See* Mem. 1-4, ECF No. 52.)
[2] Novartis also sought entry of a briefing schedule on attorneys' fees and costs. The court approved Novartis's (corrected) proposed briefing schedule on February 9, 2015. (Order, ECF No. 73 (approving ECF No. 67).)

covenant did no such thing and, even if it did, it did not affect the court's jurisdiction to hear Novartis's claim to attorneys' fees. Noticing a procedural discrepancy, the court asked the parties for clarification on the scope of Webvention's motion. (Letter Order, ECF No. 81.) Both parties provided responses. (Novartis Letter, ECF No. 82; Webvention Letter, ECF No. 83.) Webvention's motion is now ripe, and a hearing is not needed to resolve it. *See* Local Rule 105.6 (D. Md. 2014). For the reasons stated below, Webvention's infringement counterclaim will be dismissed with prejudice under Rule 41(a)(2), Webvention's motion will be granted, and Novartis's motion for judgment on the pleadings will be denied as moot. But the court finds that Novartis is the "prevailing party" within the meaning of section 285. Accordingly, the court will continue to hear Novartis's request for attorneys' fees.

## ANALYSIS

### I. Motion to Dismiss

The Declaratory Judgment Act provides that "[i]n a case of actual controversy within its jurisdiction, . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). "A party seeking to base jurisdiction on the Declaratory Judgment Act bears the burden of proving that the facts alleged, 'under all the circumstances, show that there is a substantial controversy, between . . . parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.'" *Benitec Australia, Ltd. v. Nucleonics, Inc.*, 495 F.3d 1340, 1343 (Fed. Cir. 2007) (quoting *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007)). The declaratory judgment plaintiff bears the burden of establishing that such jurisdiction "existed at the time the claim for declaratory relief was filed and that it has continued since." *Id.* at 1344 (citations omitted).

The parties did not dispute that Novartis met its burden when it first filed this action. Even though it had yet to sue Novartis for infringement, Webvention had already sent Novartis a demand letter seeking $80,000 for a one-time license on the '294 patent. (*See* Novartis's Mot. Ex. A, ECF No. 71-1.) In response, Novartis filed its declaratory judgment action "to avoid the threat of a 'scarecrow' patent," which was enough to establish jurisdiction. *Cardinal Chem. Co. v. Morton Int'l, Inc.*, 508 U.S. 83, 96 (1993). Further, after Webvention filed its infringement counterclaim on May 2, 2011, "there [wa]s, *necessarily*, a case or controversy adequate to support jurisdiction . . . under the [Declaratory Judgment] Act." *Id.* (emphasis in original).

But the parties differed—at least before the court asked the parties for clarification on Webvention's motion, as explained further below—as to whether the court had jurisdiction after Webvention filed its covenant not to sue. "As the Supreme Court has recognized, a covenant not to sue a declaratory judgment plaintiff can moot a controversy between the parties." *Organic Seed Growers & Trade Ass'n v. Monsanto Co.*, 718 F.3d 1350, 1357 (Fed. Cir. 2013); *see also Dow Jones & Co. v. Ablaise Ltd.*, 606 F.3d 1338, 1346 (Fed. Cir. 2010) ("[A] covenant not to sue for patent infringement divests the trial court of subject matter jurisdiction over claims that the patent is invalid, because the covenant eliminates any case or controversy between the parties."). Whether such jurisdiction is divested, however, "depends on what is covered by the covenant." *Revolution Eyewear, Inc. v. Aspex Eyewear, Inc.*, 556 F.3d 1294, 1297 (Fed. Cir. 2009). Jurisdiction is divested if the covenant is broad enough in scope such that the court "is satisfied that it is 'absolutely clear' that the allegedly unlawful activity cannot reasonably be expected to recur." *Already, LLC v. Nike, Inc.*, 133 S. Ct. 721, 729 (2013). Jurisdiction is not divested, however, if the covenant includes gaps or caveats that "preserve[] th[e] controversy at a level of 'sufficient immediacy and reality[.]'" *Revolution Eyewear*, 556 F.3d at 1300 (holding

that jurisdiction had not been ousted when patentee "offered no covenant on the current products, [and] stat[ed] that it [wa]s not obligated to 'repudiate suit for future infringement.'").

Webvention argued its covenant not to sue covered enough to moot Novartis's declaratory judgment action. That covenant states:

> Webvention . . . unconditionally agrees . . . not to sue Novartis . . . , or any of its successors-in-interest or officers or directors, or any customers, licensees and sublicensees of Novartis, for infringement of [the '294 patent] based upon any past, present, or future research, development, testing, manufacture, use, sale or offer for sale of any product which Novartis has advertised, commercially manufactured, marketed or sold, including without limitation the products and/or uses in issue in this litigation.

(Covenant, at 1.) On its face, "[t]he breadth of this covenant suffice[d]" to moot the action. *Already*, 133 S. Ct. at 728. Like the covenant examined by the Supreme Court in *Already*, Webvention's covenant is "unconditional and irrevocable." *Id.* It covers past, present, and future activity. It covers all manner of Novartis's uses. And "it reaches beyond [Novartis] to protect [Novartis]'s [licensees] and customers." *Id.*

But Webvention had not yet mooted Novartis's case. Webvention's declaration had bound it "not to sue" Novartis on the '294 patent in the future, but included no language about its pending infringement counterclaim. *Cf. Samsung Elecs. Co. v. Rambus, Inc.*, 440 F. Supp. 2d 495, 504 (E.D. Va. 2006) ("The covenants not to sue extinguished the case or controversy with respect to a declaratory judgment of non-infringement and unenforceability, but not with respect to Rambus' infringement claim."). And Webvention had not moved to dismiss that counterclaim under Federal Rule of Civil Procedure 41(a)(2).

Because Webvention had not asked for dismissal of that infringement counterclaim—yet in the same breath was arguing the court no longer had subject matter jurisdiction—the court ordered the parties to "show cause why Webvention's motion [to dismiss] should not also be

construed as requesting voluntary dismissal of its infringement counterclaim under [Rule] 41(a)(2)." (Letter Order, at 1.) Webvention "confirm[ed]" that its motion "include[d] a request that Webvention's counterclaims be dismissed under [Rule] 41(a)(2)." (Webvention Letter, at 1.) Novartis "d[id] not object" to that construction. (Novartis Letter, at 1.) Accordingly, the court will now dismiss, with prejudice, Webvention's infringement counterclaim under Rule 41(a)(2).

Once the court has dismissed Webvention's counterclaim, Webvention will have completely mooted Novartis's declaratory judgment action. *See, e.g.*, *Dodge-Regupol, Inc. v. RB Rubber Prods., Inc.*, 585 F. Supp. 2d 645, 649-51 (M.D. Pa. 2008). Accordingly, the court will grant Webvention's motion to dismiss for lack of subject matter jurisdiction, and deny as moot Novartis's motion for judgment on the pleadings.

## II. Attorneys' Fees Under Section 285

The parties disagree on the consequences of granting Webvention's motion to dismiss. Specifically, they disagree as to whether Novartis can still seek attorneys' fees under section 285. That section provides that "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." 35 U.S.C. § 285.

To the extent Webvention argues that the court's decision to grant its motion to dismiss for lack of subject matter jurisdiction also ousts jurisdiction over Novartis's section 285-related motions, Webvention is incorrect. The court retains independent jurisdiction over such motions. *See Monsanto Co. v. Bayer Bioscience N.V.*, 514 F.3d 1229, 1242 (Fed. Cir. 2008) ("Even if filing such a covenant may divest the court of jurisdiction over a declaratory judgment action regarding these patents, under our precedent the district court retained independent jurisdiction over Monsanto's request for attorney fees under 35 U.S.C. § 285." (citations omitted)); *Highway*

*Equip. Co. v. FECO, Ltd.*, 469 F.3d 1027, 1033 n.1 (Fed. Cir. 2006) ("While the covenant may have eliminated the case or controversy pled in the patent-related counterclaim . . . , the covenant does not deprive the district court of jurisdiction to determine the disposition of . . . the request for attorney fees under 35 U.S.C. § 285." (citations omitted)).

Nevertheless, Novartis must show that it is the "prevailing party" to proceed under section 285. *See Inland Steel Co. v. LTV Steel Co.*, 364 F.3d 1318, 1319-20 (Fed. Cir. 2004). Novartis believes it is "clearly" the prevailing party for two reasons. First, Novartis "effectively has obtained the result on liability that it sought" when the PTO rejected the asserted '294 claims in a "final, unappealable decision[.]" (Novartis Letter, at 2.) Second, dismissal with prejudice of Webvention's counterclaim under Rule 41(a)(2) "legally altered the relationship between the parties" in a way sufficient to make Novartis the prevailing party. (*Id.*) Webvention disagrees, arguing that Novartis "did not prevail on any issue," and the '294 claims were held invalid due to the PTO's actions, not as a result of anything Novartis did.[3] (Webvention Letter, at 1.)

Federal Circuit law "define[s] the meaning of prevailing party in the context of patent litigation." *Inland Steel*, 364 F.3d at 1320 (quoting *Manildra Milling Corp. v. Ogilvie Mills, Inc.*, 76 F.3d 1178, 1181 (Fed. Cir. 1996)). To be the "prevailing party," the Federal Circuit requires: "(1) that the party 'received at least some relief on the merits,' and (2) '[t]hat relief must materially alter the legal relationship between the parties by modifying one party's behavior in a way that "directly benefits" the opposing party.'" *SSL Servs., LLC v. Citrix Sys.*,

[3] Earlier, Webvention argued that "a 'prevailing party' can only be determined after the case is completed." (Webvention Mot. Dismiss 3, ECF No. 76.) To the extent Webvention believes that the court cannot even reach the question of who is the prevailing party because "no judgment has been entered in favor of Novartis in this proceeding, . . . nor can one be entered[,]" (*id.* at 4), Webvention is incorrect. "The dismissal of a claim with prejudice . . . is a judgment on the merits under the law of the Federal Circuit." *Highway Equip. Co.*, 469 F.3d at 1035 (quoting *Power Mosfet Techs., L.L.C. v. Siemens AG*, 378 F.3d 1396, 1416 (Fed. Cir. 2004)).

*Inc.*, 769 F.3d 1073, 1086 (Fed. Cir. 2014) (quoting *Shum v. Intel Corp.*, 629 F.3d 1360, 1367 (Fed. Cir. 2010)).

The court concludes that Novartis is clearly the prevailing party here. At the outset, the Federal Circuit has explicitly held that, "as a matter of patent law, the dismissal with prejudice, based on [a] covenant and granted pursuant to [a] district court's discretion under Rule 41(a)(2), has the necessary judicial imprimatur to constitute a judicially sanctioned change in the legal relationship of the parties" sufficient to bestow "prevailing party status" on an accused infringer. *Highway Equip. Co.*, 469 F.3d at 1035. Even without that explicit holding, the facts of this case confirm that Novartis is the prevailing party. Novartis has received substantial relief on the merits that has materially altered its relationship to Webvention. Simply put, the court's order dismissing, with prejudice, Webvention's infringement counterclaim will preclude Webvention from ever suing or threatening to sue Novartis for infringement of the '294 patent; Webvention's behavior has been modified, and Novartis directly benefits from that modification. *See Samsung Elecs. Co.*, 440 F. Supp. 2d at 511 ("A Rule 41(a)(2) dismissal is a court order that materially alters the legal relationship between the parties . . . [and] bears the necessary judicial imprimatur. The necessary conclusion then is that the voluntary dismissal with prejudice in this case made Samsung the prevailing party under 35 U.S.C. § 285."); *Classen Immunotherapies, Inc. v. Biogen Idec*, Civ. No. WDQ-04-2607, 2014 WL 2069653, at *4 (D. Md. May 14, 2014)[4] ("Following the Court's dismissal with prejudice of Classen's claims against it, Biogen will be the 'prevailing party' under § 285, because it has obtained—in its favor—a judicially sanctioned material alteration of its relationship with Classen." (citations omitted)).

Because the court concludes that Novartis is the "prevailing party" within the meaning of section 285, the court may hear any claim by Novartis for attorneys' fees. The court notes,

[4] Unpublished cases are cited only for the soundness of their reasoning, not for any precedential value.

however, that such a claim "must be processed in compliance with Rule 54(d)(2)(B)." *IPXL Holdings, L.L.C. v. Amazon.com, Inc.*, 430 F.3d 1377, 1386 (Fed. Cir. 2005). Simply put, "[n]o provision in section 285 exempts requests for attorney fees thereunder from compliance with Rule 54(d)(2)(B)." *Wedgetail Ltd. v. Huddleston Deluxe, Inc.*, 576 F.3d 1302, 1306 (Fed. Cir. 2009) (quoting *id.*). And Rule 54(d)(2)(B) states that any motion for attorneys' fees must: "be filed no later than 14 days after entry of judgment"; "specify the judgment and the statute, rule, or other grounds entitling the moving party to the award"; and "state the amount or provide a fair estimate of the amount sought." Fed. R. Civ. P. 54(d)(2)(B).

Although it is clear that Novartis seeks an attorneys' fee award, its pending motion for an exceptional case finding, standing alone, does not appear to comply with Rule 54(d)(2)(B). As an initial matter, because it was filed before the court's present dismissal order, Novartis's motion was premature. Even assuming it had been filed after the present order, the motion neither specifies the judgment entitling Novartis to an award nor states even an estimate of the amount it seeks. While the court recognizes that Novartis filed—and the court approved—Novartis's proposed briefing schedule for attorneys' fees, that action alone does not cure the procedural deficiency. *See Wedgetail Ltd.*, 576 F.3d at 1306 ("Despite [Rule 54(d)(2)(B)'s] requirements, Huddleston did not file a motion for attorney fees . . . , but instead merely requested that the district court set a briefing schedule for such a motion."). Accordingly, the court will deny that motion without prejudice. Such dismissal does not, however, preclude Novartis from now refiling a procedurally compliant motion for fees.

**CONCLUSION**

For the reasons stated above, the court will dismiss with prejudice Webvention's infringement counterclaim under Rule 41(a)(2). Because such dismissal completely moots

Novartis's declaratory judgment action, Webvention's motion to dismiss will be granted, and Novartis's motion for judgment on the pleadings will be denied as moot.

Because the court finds that Novartis is the "prevailing party" within the meaning of section 285, the court may continue to hear Novartis's request for attorneys' fees. Because, however, Novartis's pending motion for an exceptional case finding does not comply with Rule 54(d)(2)(B), that motion will be denied without prejudice. If Novartis still seek attorneys' fees, it may do so by refiling a motion that complies with Rule 54 within the next 14 days, or longer if it obtains a court-ordered extension.[5]

A separate Order follows.

June 22, 2015
Date

/S/
Catherine C. Blake
United States District Judge

[5] That motion should include Novartis's arguments on exceptionality.