**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| NOVARTIS CORPORATION | : |
| | : |
| | : |
| v. | :   Civil No. CCB-11-3620 |
| | : |
| | : |
| WEBVENTION HOLDINGS LLC & | : |
| WEBVENTION LLC | : |

## MEMORANDUM

Now pending are Novartis Corporation's ("Novartis") motions for attorneys' fees under 35 U.S.C. § 285, and for leave to file a sur-surreply. No oral argument is necessary. *See* Local R. 105.6 (D. Md. 2014). For the reasons that follow, Novartis's motion for leave to file a sur-surreply will be granted, but its motion for attorneys' fees will be denied.[1]

## BACKGROUND

The court will assume familiarity with this case, and will recount only those facts that are needed to provide the necessary background for the pending motions.[2] In 2010, Novartis filed a declaratory judgment action against Webvention Holdings LLC and Webvention LLC (collectively, "Webvention"), requesting that the court declare that Novartis did not infringe U.S. Patent No. 5,251,294 ("'294 patent"), which Webvention acquired in 2009. (Compl. Decl. J., ECF No. 1.) While the lawsuit was pending, the United States Patent and Trademark Office ("PTO") reexamined the '294 patent and rejected Webvention's patent claims. (Mot. Stay Ex. Q, ECF No. 48-19.) That rejection became final on September 24, 2014. (Decls. Supp. Mot. Att'y Fees Ex. E, ECF No. 89-5.) In light of that development, Novartis moved, on February 6, 2015, for judgment on the pleadings and for a finding that this case is "exceptional" under 35 U.S.C. §

---

[1] The parties also have filed several unopposed motions to seal, which will be granted. (*See* ECF Nos. 101, 104, 106, 111.)
[2] More detailed background information can be found in the court's previous opinions. (*See, e.g.*, ECF Nos. 52, 97.)

1

285. (ECF Nos. 69-72.) The court has since found Novartis to be the "prevailing party" for purposes of 35 U.S.C. § 285, found the case to be "exceptional" within the meaning of Section 285, and granted Novartis's motion for an extension of time to file its memorandum regarding the amount of attorneys' fees and costs to which it is entitled. (ECF Nos. 84, 85, 97, 98.)

On December 14, 2015, Novartis filed that memorandum, requesting $108,179.41 in attorneys' fees and $1,919.97 in costs. (Mot. Att'y Fees Ex. 2, Mem. Law 2, ECF No. 100-2.) One week later, Webvention filed a response in opposition, arguing that, *inter alia*, Novartis contravened Federal Circuit precedent and this district's local rules by not including in its memorandum the number of hours spent on each task, except for this fee petition. (Resp. Opp'n 1-2, ECF No. 102.) In its reply, Novartis provided a more detailed summary chart that includes the number of hours its attorneys worked during each phase of the litigation, and represented that it was prepared to produce more detailed records for an in camera review by the court if requested. (Reply 1-2, ECF No. 103; *Id.* Ex. 1A, Summ. Chart, ECF No. 103-2.) Webvention submitted an unopposed motion for leave to file a surreply on February 1, 2016, (Surreply Mot., ECF No. 105), which the court granted on February 2, 2016, (Paperless Order, ECF No. 107). In its surreply, Webvention argues that Novartis's revised summary of its fees and costs still does not meet the relevant case law requirements or this district's local rules because it does not include timesheets, billing records, or other information that would allow this court and Webvention to understand what specific tasks Novartis's lawyers performed during each litigation phase. (Surreply 3-4, ECF No. 108.) Webvention also contests particular entries listed in Novartis's summary chart. (*Id.* at 4-5.) On February 11, 2016, Novartis filed a motion for leave to file a sur-surreply, (Sur-surreply Mot., ECF No. 110), which Webvention has opposed, (Sur-surreply Resp., ECF No. 112).

**STANDARD OF REVIEW**

District courts have discretion to determine the amount of legal fees upon a determination that a case is exceptional. *See, e.g.*, *Lumen View Tech. LLC v. Findthebest.com, Inc.*, 811 F.3d 479, 483 (Fed. Cir. 2016) (citing *Perdue v. Kenny A.*, 559 U.S. 542, 558 (2010)). In calculating a fee award, the lodestar method, whereby the court multiplies a reasonable hourly rate by the number of hours reasonably required to litigate the case, provides a presumptively reasonable fee amount. *See Lumen View*, 811 F.3d at 483 (citing *Perdue*, 559 U.S. at 551, 554). In addition, "there must be some evidence to support the reasonableness of, *inter alia*, the billing rate charged and the number of hours expended." *Lam, Inc. v. Johns-Manville Corp.*, 718 F.2d 1056, 1068 (Fed. Cir. 1983).

Although the court received this case from the United States Panel on Multidistrict Litigation, the parties also cite to this district's local rules as guidance for calculating a reasonable award. Those rules provide that a motion requesting attorneys' fees must be supported by, *inter alia*, "a detailed description of the work performed broken down by hours or fractions thereof expended on each task, the attorney's customary fee for such like work, the customary fee for like work prevailing in the attorney's community, [and] a listing of any expenditures for which reimbursement is sought." Local R. 109.2(b). For a bill of costs, "[a]ny vouchers or bills supporting the cost being requested shall be attached as exhibits." Local R. 109.1(b). Appendix B to the local rules, which outlines additional guidelines for determining attorneys' fees, mandates that "[t]ime shall be recorded by *specific* task," App. B(1)(a) (emphasis added), and that fee application submissions shall be "accompanied by time records," App. B(1)(b).

**ANALYSIS**

Despite three separate opportunities in its motion for attorneys' fees, reply, and sur-surreply,[3] Novartis has not documented the work counsel performed in a manner that would allow the court to make its lodestar calculations. Instead, Novartis basically asks the court to take its word for it in terms of what constitutes a reasonable amount of fees and costs. Although the court continues to believe this case was "exceptional" within the meaning of 35 U.S.C. § 285, Novartis has not met its burden under either the Federal Circuit's case law or this district's local rules. Accordingly, Novartis's motion for attorneys' fees will be denied.

In its motion for attorneys' fees, Novartis provided the number of hours its attorneys worked only for this fee petition. (*See* Mem. Law 9-11.) Novartis's counsel declared that, in "analyzing billing records . . . , it did not appear as though more than one person billed time for the same meeting or telephone call, or it appeared to be necessary for the efficient performance of the services." (Mot. Att'y Fees Ex. 3, Ryberg Decl. ¶ 27, ECF No. 100-3.) To support its request for $1,919.97 in costs, Novartis's counsel averred that she reviewed the relevant "invoices and they include reimbursable expenses under the Court's guidelines and normal practice." (*Id.* ¶ 48.) After Webvention argued in its response that Novartis did not provide the required level of detail, (Resp. Opp'n 6-7, 8-9), Novartis listed in its reply the hours, or fractions thereof, worked by each attorney during every phase of the litigation, and the general categories of expenses, (Summ. Chart). Novartis also stated that it was prepared to provide the records underlying the chart for an in camera review by this court. (Reply, 2-3.)

Even after Webvention's response put Novartis on notice that more information was needed, Novartis still did not supplement its fee request with "evidence to support the

---

[3] Surreplies may be permitted when a party would otherwise not have an opportunity to address arguments presented to the court for the first time in the opposing party's reply. *Khoury v. Meserve*, 268 F. Supp. 2d 600, 605 (D. Md. 2003). The court will assume that Novartis could not have addressed Webvention's surreply arguments contesting particular entries in Novartis's revised summaries, (*see* Surreply 4-6), and it will consider Novartis's sur-surreply.

reasonableness of . . . the number of hours expended." *Lam, Inc.*, 718 F.2d at 1068. The chart, for example, does not explain on what aspect of the pleadings David Moore worked for 1.40 hours on September 17, 2010, for what Potter Anderson & Corroon LLP paid more than ninety-six hours of overtime on October 11, 2010, or why two Kaye Scholer LLP attorneys needed to attend the hearing on March 30, 2012. (Summ. Chart 1, 10, 15-16.) These fees and costs may have been reasonable, but the lack of detail does not allow the court to make that determination, or Webvention to contest it. *See, e.g.*, *Junker v. Eddings*, 396 F.3d 1359, 1366 (Fed. Cir. 2005) (vacating a fee award because "[c]onspicuously absent from [the] record [was] the kind of evidence usually analyzed in determining a reasonable attorney fee," including "hourly time records, full expense statements, . . . and detailed billing records or client's actual bills showing tasks performed in connection with the litigation"); *Enpat, Inc. v. Microsoft Corp.*, 26 F. Supp. 2d 811, 815 (E.D. Va. 1998) ("Microsoft states that it will produce [billing records or other documentation to support its claim for attorneys' fees] if called upon to do so by the Court. We agree with plaintiff that Microsoft has not produced the evidence necessary to support the award it claims."). Further, Novartis's offer to allow in camera review is not sufficient. Opposing counsel has the right to challenge the basis for a fee award, and the court is entitled to opposing counsel's views.

      The arguments in Novartis's sur-surreply also do not withstand scrutiny. As an initial matter, Novartis offers an updated table summarizing its fees that corrects, *inter alia*, "transcription mistake[s]." (Sur-surreply Mem. 3, ECF No. 110-1.) But its submission is still just that—a table *summarizing* the fees without any supporting documentation to assist the court in determining the reasonableness of the hours worked. In defense of this strategy, Novartis makes two arguments. First, it claims that the court in *Classen Immunotherapies, Inc. v. Biogen Idec*,

2014 WL 2069653 (D. Md. May 14, 2014), accepted a party's summary of its fees and costs accompanied by an offer for in camera review, instead of redacted invoices. (Sur-surreply Mem. 1.) That opinion, however, held only that the case was "exceptional" under Section 285, and that Biogen was entitled to an award of reasonable attorneys' fees and expenses. *Classen Immunotherapies, Inc.*, 2014 WL 2069653, at *6. And although it is true that Biogen only offered summary tables in support of the motion for attorneys' fees that it submitted three weeks later, (Att'y Fees Mem. Law, No. 04-2607, ECF Nos. 297 & 298), it is also apparent from that case's docket that Biogen withdrew that motion pursuant to a settlement agreement among the parties before the court determined whether those tables were sufficient to decide a reasonable award, (Notice & Order, No. 04-2607, ECF Nos. 308 & 311). Second, Novartis argues that it is precluded from producing invoices with descriptions of the work performed because such descriptions are protected by attorney-client privilege. (Sur-surreply Mem. 1.) The Federal Circuit, however, in reviewing an application for attorneys' fees under the Equal Access to Justice Act, stated that "no court of appeals has held that disclosure of the general subject matter of a billing statement under fee-shifting statutes violates attorney-client privilege." *Avgoustis v. Shinseki*, 639 F.3d 1340, 1344 (Fed. Cir. 2011). That case also cited to a Fourth Circuit opinion which noted that "the general purpose of the work performed [is] usually not protected from disclosure by the attorney-client privilege." *Id.* at 1344-45 (quoting *In re Grand Jury Subpoena*, 204 F.3d 516, 520 (4th Cir. 2000)). Not only does the case law not support its argument, but Novartis filed motions to seal its motion, reply, and sur-surreply, which should have tempered any privilege concerns. (*See* ECF Nos. 101, 104, 111.)

This court stands by its finding that this case is "exceptional." Novartis, however, despite being put on notice by Webvention of the deficiencies in its motion for attorneys' fees, and even

after being given second and third chances to supplement its motion accordingly, failed to meet the Federal Circuit's requirements or this district's local rules for supporting such motions. Accordingly, Novartis's motion for attorneys' fees will be denied. A separate order follows.

<u>June 7, 2016</u>                                                       <u>        /S/         </u>
Date                                                                 Catherine C. Blake
                                                                      United States District Judge